UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LAURA HERNANDEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP-22-CV-00434-DCG** |
| **B & M INDUSTRIAL, INC.,** | § | |
| *d/b/a* **B & M MACHINERY CO.** | § | |
| | § | |
| *Defendant.* | § | |

**ORDER GRANTING MOTION TO REMAND**

      Plaintiff Laura Hernandez moves to remand the above-captioned case to state court. Mot., ECF No. 3.  Defendant B & M Industrial Inc.[1] did not respond to Plaintiff's Motion to Remand before its deadline to do so expired.[2]  The Court could therefore grant the Motion as unopposed.[3]

      The Court nonetheless grants the Motion on its merits.[4]  At the time Defendant removed this case from state court to federal court, the Plaintiff's live pleading asserted claims under both federal and state law.  Original Pet., ECF No. 1-1, at 2, 7, 9.  Defendant therefore removed the case on the grounds of federal question jurisdiction.[5]

---

[1] *d/b/a* B & M Machinery Co.

[2] Because Plaintiff filed her Motion on December 14, 2022, *see* Mot., Defendant's deadline to respond to the Motion expired on December 28, 2022, *see* W.D. TEX. L.R. CV-7(d)(2) (providing, with an exception not relevant here, that "[a] response to" a motion other than "a discovery or case management motion . . . shall be filed not later than 14 days after the filing of the motion").

[3] *See* W.D. TEX. L.R. CV-7(d)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."); *see also, e.g.*, *Rindahl v. Murillo*, No. 3:18-CV-00108, 2018 WL 7348034, at *1 (W.D. Tex. Nov. 2, 2018).

[4] *See, e.g.*, *Rindahl*, 2018 WL 7348034, at *1.

[5] *See* Notice Removal, ECF No. 1, at 1 ("Removal is based on federal question jurisdiction."); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising

After Defendant removed the case, however, Plaintiff amended her pleadings to delete all her federal claims and pursue state law claims under Chapter 21 of the Texas Labor Code exclusively.  *See generally* 1st Am. Compl., ECF No. 6.  Although Plaintiff's deletion of her federal claims did not deprive this Court of federal question jurisdiction over the case,[6] this Court nonetheless may potentially "decline to exercise supplemental jurisdiction over" Plaintiff's remaining state law claims now that Plaintiff has abandoned "all [federal] claims over which [the Court] ha[d] original jurisdiction."[7]

"The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).  However, that general rule "is neither mandatory nor absolute."  *Id.*  When deciding whether to exercise supplemental jurisdiction over a plaintiff's remaining state law claims after the plaintiff has abandoned her

under the Constitution, laws, or treaties of the United States."); *id.* § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

The Court perceives no other potential basis for exercising subject matter jurisdiction over this case, such as diversity jurisdiction.  *See* Original Pet. at 1–2 (indicating that the parties are probably not "citizens of different States" within the meaning of 28 U.S.C. § 1332(a)(1)).

[6] *See, e.g.*, *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994) ("[A] post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, *does not* divest the district court of its properly triggered subject matter jurisdiction.  In a jurisdictional inquiry, we look at the complaint as it existed at the time the petition for removal was filed, regardless of any subsequent amendments to the complaint." (internal citations omitted)).

This Court therefore rejects Plaintiff's argument that deleting her federal causes of action "eliminated any federal question jurisdiction this Court may have."  *Compare* Mot. at 4, *with* Order, ECF No. 5, at 2.

[7] *See* 28 U.S.C. § 1367(c); *see also, e.g.*, *Simpson v. Evolve Fed. Credit Union*, No. 22-CV-00288, 2022 WL 16518212, at *3 (W.D. Tex. Oct. 24, 2022) (explaining that a federal court "enjoys relatively broad discretion to remand . . . a case" removed on federal question jurisdiction grounds "if the plaintiff voluntarily withdraws all of her federal claims" after removal, "leaving only state law claims" (emphasis omitted)).

federal claims, courts consider whether retaining jurisdiction over the case would promote

(1) judicial economy; (2) convenience; (3) fairness; and (4) comity. *Mendoza v. Murphy*, 532

F.3d 342, 346 (5th Cir. 2008); *see also Simpson*, 2022 WL 16518212, at *4. "These interests are

to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza*, 532 F.3d

at 346.

  All four of those factors counsel in favor of remanding this case now that Plaintiff has

dropped her federal claims. Beginning with the "judicial economy" factor, this Court has not

invested "a significant amount of judicial resources" in this case, such that remanding the case

would inefficiently waste judicial efforts. *See Brookshire Bros.*, 554 F.3d at 602.[8] To the

contrary, other than issuing a brief ministerial order granting Plaintiff leave to amend her

pleadings, *see* Order, ruling on this Motion to Remand is the first substantive action this Court

has taken in this case.

  As for "convenience" and "fairness," the Court cannot perceive any way in which

remanding this case would be inconvenient or unfair to anyone. *See Enochs*, 641 F.3d at 162.

Although one might argue that Plaintiff engaged in undesirable forum manipulation by

purposefully excising the federal claims over which the court had original jurisdiction, *see*

*Cotton v. City of Hillsboro*, No. 08-CA-115, 2008 WL 11334172, at *1 (W.D. Tex. June 25,

2008), amending one's complaint "to delete . . . federal claims is not a particularly egregious

form of forum manipulation, if it is manipulation at all," *Enochs*, 641 F.3d at 160.

---

[8] *Compare, e.g.*, *Enochs v. Lampasas County*, 641 F.3d 155, 162 (5th Cir. 2011) (determining that judicial economy factor favored remand where case "was still in its infancy (less than three months old), no discovery had occurred, no hearings or trial dates had been scheduled," and "the district court was not even moderately familiar with any of the Texas state law issues"), *with, e.g.*, *Smith v. Amedisys Inc.*, 298 F.3d 434, 437 (5th Cir. 2002) (concluding that trial court "did not abuse its discretion in exercising supplemental jurisdiction over [the plaintiff]'s remaining state law claims" where the case had been "pending for almost three years," the parties had "taken numerous depositions," and "the matter had progressed to the advanced stages of litigation with little left to do before trial").

Finally, remanding the case would promote—or, at the very least, would not undermine—principles of comity.  Federal courts "are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'"  *Enochs*, 641 F.3d at 160 (quoting *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 588–89 (5th Cir. 1992)). The Texas state courts are just as well-equipped—if not better-equipped—to adjudicate Plaintiff's claims under Chapter 21 of the Texas Labor Code.  *See* 1st Am. Compl. at 1, 7–10.

In sum, the applicable factors all counsel in favor of relinquishing supplemental jurisdiction over Plaintiff's remaining state law claims and remanding this case to state court.

The Court therefore **GRANTS** "Plaintiffs' [sic] Motion for Remand to State Court" (ECF No. 3) and **REMANDS** the above-captioned case to the County Court at Law 6, El Paso County, Texas.

The Clerk of Court shall **CLOSE** the federal case.

**So ORDERED and SIGNED this 29th day of December 2022.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**